# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE: VIOXX
    PRODUCT LIABILITY LITIGATION

CHARLES E. GODFREY,
Representative of the Estate of Robert Godfrey
4064 St. Johns Road
Cridersville, OH 45806

RONALD P. BELTRAN,
Representative of the Estate of Juan Beltran
P.O. Box 714
Carrizozo, NM 88301

LOIS RUTLEDGE,
Representative of the Estate of Mattie Campbell
P.O. Box 919
Bay Springs, MS 39422

JAMES NETHERLY,
Representative of the Estate of Tess Netherly
2101-S-324th Street, #310
Federal Way, WA 98003

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§    Civil Action No.: 1:06-cv-01659-RJL

CHARISSE E. VANCE,
Representative of the Estate of Dean Vance
19302 Bradford Court
Strongsville, OH 44149

CHARLES PERRY,
Representative of the Estate of Carol Cox
325 4th Street
Lock Haven, PA 17745

JUSTINE PLAIR,
Representative of the Estate of Fredward Plair
2347 Travis Road
Augusta, GA 30906

CAROLYN FITZGERALD,
Representative of the Estate of Tina Fitzgerald
1866 Barrington Court
Marietta, GA 30066

| | |
|---|---|
| PATRICIA CLINE, | § |
| Representative of the Estate of Bobbie Cline | § |
| 7 Cypress LK.MHC | § |
| Statesboro, GA  30458 | § |
| | § |
| RUTH PARKS, | § |
| Representative of the Estate of Dean Parks | § |
| 140 Summerville Road | § |
| Independence, VA  24348 | § |
| | § |
| and | § |
| | § |
| ELIZABETH LEE | § |
| 139-97th S. Grace | § |
| Robbins, IL  60472 | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| MERCK & CO., INC. | § |
| 619 One Merck Drive | § |
| Whitehouse Station, NJ  08889 | § |
| | § |
| Defendant. | § |

## ANSWER, DEFENSES, AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint herein as follows.  Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

## I. PARTIES

1.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 1 of the Complaint, and on that basis denies them.  Merck denies each and every allegation contained in the third sentence of paragraph 1 of the Complaint.

2.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 2 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 2 of the Complaint.

3.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 3 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 3 of the Complaint.

4.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 4 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 4 of the Complaint.

5.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 5 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 5 of the Complaint.

6.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 6 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 6 of the Complaint.

7.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 7 of the

Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 7 of the Complaint.

8.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 8 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 8 of the Complaint.

9.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 9 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 9 of the Complaint.

10.      Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 10 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the third sentence of paragraph 10 of the Complaint.

11.      Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.      Merck admits the allegations contained in paragraph 12 of the Complaint except notes that the correct address for its designated agent for service is 301 N. Main Street, Suite 300, Winston-Salem, North Carolina 27101.

13.      Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx and except as thus admitted, denies the allegations contained in paragraph 13 of the Complaint.

## II. JURISDICTION AND VENUE

14.    The allegations contained in paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that there is diversity between the parties and that Plaintiffs purport to put more than $75,000 in controversy, but denies that there is any legal or factual basis for relief.

## III. FACTS COMMON TO ALL COUNTS

15.    Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Vioxx is the brand name for rofecoxib, that the prescription medicine Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of the enzyme known as cyclooxygenase-2 ("COX-2").

16.    Merck denies each and every allegation contained in paragraph 16 of the Complaint except avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of COX-2.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

18.    Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that on November 23, 1998 Merck submitted an NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

19.    Merck admits the allegations contained in paragraph 19 of the Complaint, except Merck respectfully refers the Court to the referenced NDA for its actual language and full text.

20.    Merck admits the allegations contained in paragraph 20 of the Complaint, except Merck respectfully refers the Court to the referenced prescribing information for its actual language and full text.

21.    Merck admits the allegations contained in paragraph 21 of the Complaint, except Merck respectfully refers the Court to the referenced prescribing information for its actual language and full text.

22.    Merck denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text; denies each and every allegation contained in the second sentence of paragraph 22 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text; and denies each and every allegation contained in the third sentence of paragraph 22 of the Complaint.

23.    Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced protocol and study for their actual language and full text.

24.    Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the studies referenced in sentence one and the article referenced in sentence three exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is a member of the European League Against Rheumatism and has been a sponsor since 1999.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that 2000 worldwide Vioxx sales exceeded $2 billion.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced article exists and respectfully refers the Court to it for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to them for their actual language and full context.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced letter and respectfully refers the Court to said letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced letter and respectfully refers the Court to said letter for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information, a letter to healthcare practitioners, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information, letter, and Patient Information sheet for their actual language and full text.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced label and respectfully refers the Court to said label for its actual language and full text.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that the referenced letter exists and respectfully refers the Court to the referenced letter for its actual language and full text.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the Court to it for its actual language and full text.

36.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and on that basis denies them.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.    Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced 2001 Annual Report and respectfully refers the Court to the referenced annual report for its actual language and full text.

39.    Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced 2001 8-K

filing with the Securities and Exchange Commission and respectfully refers the Court to the referenced filing for its actual language and full text.

40.     Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that it marketed Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx.

## IV.  FRAUDULENT CONCEALMENT

41.     The allegations contained in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## COUNT I

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 46 of the Complaint,

and on that basis denies them. Merck denies each and every allegation contained in the second sentence of paragraph 46 of the Complaint.

47.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint, and on that basis denies them.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## COUNT II

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.    Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.    Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.    Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint, and on that basis denies them.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## COUNT III

60.    With respect to the allegations contained in paragraph 60 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

61.    Merck denies each and every allegation contained in paragraph 61 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

62. Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65. Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## COUNT IV

69. With respect to the allegations contained in paragraph 69 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, including subparagraphs a through f.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that it marketed the prescription medicine Vioxx.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## COUNT V

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.    The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

79.    Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.    The allegations contained in paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

81.    Merck denies each and every allegation contained in paragraph 81 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## COUNT V (Misnumbered)

82.    With respect to the allegations contained in paragraph 82 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

83.    The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

84.    Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Merck denies the allegations contained in the first sentence of paragraph 85 of the Complaint.

## COUNT VI

86.    With respect to the allegations contained in paragraph 86 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as through set forth here in full.

87.    Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.    Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.    Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.    Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.    Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.    Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.    Merck denies each and every allegation contained in paragraph 95 of the
Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is
required.  Should a response be required, Merck denies each and every allegation contained in
the Prayer for Relief of Plaintiffs' Complaint.

## COUNT VII

96.    With respect to the allegations contained in paragraph 96 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment, and statement contained in all
other paragraphs of this Answer with the same force and effect as through set forth here in full.

97.    Merck denies each and every allegation contained in paragraph 97 of the
Complaint.

98.    Merck denies each and every allegation contained in paragraph 98 of the
Complaint.

99.    Merck denies each and every allegation contained in paragraph 99 of the
Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the
Complaint.

101.    The allegations contained in paragraph 101 of the Complaint are legal conclusions
as to which no responsive pleading is required.  Should a response be deemed required, Merck
denies each and every allegation contained in said paragraph.

102.    Merck denies each and every allegation contained in paragraph 102 of the
Complaint.

103.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint, and on that basis denies them.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    The allegations contained in paragraph 106 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the Prayer for Relief of Plaintiffs' Complaint.

## DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, Merck alleges as follows:

### First Defense

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

### Fourth Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### Fifth Defense

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### Sixth Defense

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred

under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### Seventh Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses may have been caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### Eighth Defense

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### Ninth Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to, any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### Tenth Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses may have been caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### Eleventh Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse of Vioxx.

## Twelfth Defense

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions, or natural courses of conditions for which Defendant is not responsible.

## Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

## Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

## Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## Seventeenth Defense

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## Eighteenth Defense

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### Nineteenth Defense

Plaintiffs' claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-First Defense

Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### Twenty-Second Defense

Plaintiffs' claims are barred, in whole or in part, because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-Third Defense

This case is more appropriately brought in a different venue.

### Twenty-Fourth Defense

Venue in this case is improper.

### Twenty-Fifth Defense

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### Twenty-Sixth Defense

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### Twenty-Seventh Defense

To the extent that Plaintiffs seek punitive damages for the conduct which alleged caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's constitutional rights under the law of the United States, the District of Columbia, Georgia, Illinois, Mississippi, New Mexico, and Ohio.

### Twenty-Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate the alleged damages.

### Twenty-Ninth Defense

There is no technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### Thirtieth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### Thirty-First Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### Thirty-Second Defense

Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

### Thirty-Third Defense

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

### Thirty-Fourth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### Thirty-Fifth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### Thirty-Sixth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery by release as to their claims.

### Thirty-Seventh Defense

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

### Thirty-Eighth Defense

To the extent there were any risks associated with the use of the product, which is the subject matter of this action, that Merck knew or should have known and which gave rise to a

duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### Thirty-Ninth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

### Fortieth Defense

Plaintiffs' claims may be barred, in whole or in part, by the governing laws of the District of Columbia.

### Forty-First Defense

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### Forty-Second Defense

Plaintiffs have not sustained any injury or damages compensable at law.

### Forty-Third Defense

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

### Forty-Fourth Defense

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### Forty-Fifth Defense

To the extent that Plaintiffs seek punitive damages under the law of the State of Ohio, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Revised Code Section 2307.80.

### Forty-Sixth Defense

The imposition of punitive damages in this action under the law of the State of New Mexico would violate the Commerce Clause of the United States Constitution and exceeds the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

### Forty-Seventh Defense

Plaintiffs' claim for non-economic damages under the law of the State of Mississippi are subject to and limited by Miss. Code § 11-1-60(1)(a) through (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

### Forty-Eighth Defense

Plaintiffs' claim for punitive damages under the law of the State of Mississippi fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

### Forty-Ninth Defense

Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

### Fiftieth Defense

Plaintiffs' claims are not suitable for joinder.

### Fifty-First Defense

To the extent that Plaintiffs' claims arise under the law of the State of New Mexico,

Merck invokes each and every defense available to it under New Mexico's Law on Product

Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New

Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, *et seq.*, NMRA 2003, and in

relevant decisions by New Mexico courts.

### Fifty-Second Defense

To the extent that Plaintiffs' claims arise under the law of the State of Mississippi and are

based upon any theory of product liability, they are barred or limited by Mississippi's Product

Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch.

1 § 3, effective September 1, 2004.

### Fifty-Third Defense

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable under New Mexico law.

### Fifty-Fourth Defense

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the

circumstances constituting fraud with particularity.

### Fifty-Fifth Affirmative Defense

Plaintiffs' claims are barred by reason that any alleged dangerous condition complained

of was open and obvious, and there was no duty on the part of Merck to warn of any such open

and obvious condition.

### Fifty-Sixth Affirmative Defense

Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

### Fifty-Seventh Affirmative Defense

Plaintiffs' causes of action other than statutory wrongful death under the law of the State of Virginia are barred in whole or in part by Virginia's wrongful death statute, which provides the sole remedy.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this Action. Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By: *Katherine Leong*
       Douglas R. Marvin
       (D.C. Bar No. 933671)
       Paul K. Dueffert
       (D.C. Bar No. 435452)
       Katherine Leong
       (D.C. Bar No. 492457)

725 12th Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for Defendant Merck & Co., Inc.*


Dated:  November 6, 2006

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 6th day of November 2006, a true copy of the foregoing Answer, Defenses, and Jury Demand was served by U.S. First Class Mail, postage prepaid, to the following:

Michael J. Miller, Esq.
MILLER & ASSOCIATES
105 N. Alfred Street
Alexandria, VA  22314

*Attorney for Plaintiffs*

Katherine Leong